UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHANA LOUDE,

        Plaintiffs,

v.                                      CIVIL NO. 06-12711
                                          HON. LAWRENCE P. ZATKOFF

AEGIS MORTGAGE CORPORATION
and POTESTIVO & ASSOCIATES P.C.,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 2, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendants' motion to dismiss or, in the alternative, for more definite statement, filed on June 23, 2006.  Plaintiff has responded, and Defendants have replied to the response.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendants' motion to dismiss is GRANTED IN PART, and Defendants' motion for a more definite statement is GRANTED.

## II.  BACKGROUND

Plaintiff's complaint is vague and bereft of details, making it difficult for the Court to discern the factual background of this case.  Defendants apparently held a mortgage on Plaintiff's property.  Plaintiff defaulted on the loan, and Defendants foreclosed.  Plaintiff has charged Defendants with fraud and violation of the Truth in Lending Act ("TILA").

## III.  LEGAL STANDARD

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims.

The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor.  *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992).  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999).  Furthermore, the Court need not accept as true legal conclusions or unwarranted factual inferences.  The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover.  *See Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

In deciding a motion to dismiss pursuant to FED R. CIV. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice."  2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.34[2] (3d ed. 2000).  If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to FED. R. CIV. P. 56.  *See* FED. R. CIV. P. 12(b).

## IV. ANALYSIS

Federal Rule of Civil Procedure 9(b) states that in any complaints alleging fraud, "the circumstances constituting fraud and malice shall be stated with particularity." The Sixth Circuit has held that Rule 9(b) requires plaintiffs to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993)). As Defendants note, Plaintiff's complaint contains only general accusations of fraud, with no supporting facts. Plaintiff's response to Defendants' motion is unresponsive, and also fails to set forth any specific facts. Thus, the Court finds that Plaintiff has failed to state a claim regarding fraud.

Plaintiff also charges Defendants with two specific TILA violations. Plaintiff alleges that Defendants failed to provide "a Good Faith Estimate," in violation of 15 U.S.C. § 1637A(a)(4)(A), and failed to provide a Federal Reserve Board brochure, in violation of 15 U.S.C. § 1637A(e).

Plaintiff has pled very few facts supporting her TILA claims. Nevertheless, the Sixth Circuit has held that: "A pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Given the liberal pleading standard for pro se plaintiffs, the Court cannot dismiss Plaintiff's TILA claims.

However, the Court agrees with Defendants that Plaintiff's complaint is so devoid of factual allegations that Defendants are hindered in their ability to file a response. Federal Rule of Civil Procedure 12(e) states, in part, that: "If a pleading to which a responsive pleading is permitted is so

vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The Court finds that Defendants cannot reasonably be required to respond to Plaintiff's TILA claims as they are pled in her complaint. Thus, Defendants' motion for a more definite statement is granted.

## V.  CONCLUSION

For the above reasons, Defendants' motion to dismiss is GRANTED IN PART. Plaintiff's fraud claims are HEREBY DISMISSED without prejudice. Defendants' motion for a more definite statements is GRANTED. Plaintiff is ordered to file a more definite statement regarding her TILA claims within ten (10) days of receipt of this order.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2006.

s/Marie E. Verlinde  
Case Manager  
(810) 984-3290